UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KELVIN SETTLE, ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:12CV521 JCH |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant(s). ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the Government's Motion to Dismiss Plaintiff's Motion for Return of Seized Property, filed on July 26, 2012. ("Motion to Dismiss," ECF No. 17). This motion is fully briefed and ready for disposition.

**BACKGROUND**

On December 13, 2007, the Government filed a six-count indictment charging that Plaintiff and five other individuals knowingly and intentionally conspired with each other and with other individuals to distribute and possess with the intent to distribute in excess of five kilograms of cocaine and in excess of fifty grams of cocaine base. (Motion to Dismiss, p. 4). Count One of the indictment was for distribution in excess of five kilograms of cocaine and in excess of fifty grams of cocaine base. (Id.). Plaintiff was not charged in Counts Two through Five. Count Six was for criminal forfeiture, in which the Government alleged that $796,875.00 that was seized from Plaintiff on August 10, 2006, was subject to forfeiture. (Id.). On August 6, 2008, a jury found Plaintiff guilty of Count One of the indictment. (Id.). On October 30, 2008, Plaintiff was sentenced to 120 months imprisonment. (Id.).

Plaintiff filed this action on March 19, 2012, seeking the return of the $796,875.00 seized from him. (Complaint, ECF No. 1). Specifically, Plaintiff alleges that he was arrested on August 10,

2006, and that $796,875.00 was seized from the trunk of his car pursuant to a warrantless search. (Id., p. 2). Plaintiff alleges the U.S. Drug Enforcement Agency ("DEA") failed to provide adequate notice of the currency forfeiture. (Id.). Plaintiff also alleges he had perfected a "priority security interest" in the currency, which he asserts the DEA failed to do. (Id.). Plaintiff therefore requests that the Court issue an order for the return of his property.

## STANDARD FOR MOTION TO DISMISS

In ruling on a motion to dismiss, the Court must view the allegations in the Complaint in the light most favorable to Plaintiff. Eckert v. Titan Tire Corp., 514 F.3d 801, 806 (8th Cir. 2008) (citing Luney v. SGS Auto. Servs., Inc., 432 F.3d 866, 867 (8th Cir. 2005)). Additionally, the Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted). A motion to dismiss must be granted, however, if the Complaint does not contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L.Ed.2d 929 (2007) (abrogating the "no set of facts" standard for FED.R.CIV.P. 12(b)(6) found in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). While a Complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citation omitted); Huang v. Gateway Hotel Holdings, 520 F.Supp.2d 1137, 1140 (E.D. Mo. 2007). Stated differently, to survive a motion to dismiss, the Complaint's factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted).

## DISCUSSION

"Post-conviction filings for the return of property seized in connection with a criminal case are treated as civil equitable actions, and the district court where the claimant was tried has subject-matter jurisdiction ancillary to its criminal jurisdiction to hear the equitable action." Thompson v. Covington, 47 F.3d 974, 975 (8th Cir. 1995) (citations omitted).[1] In this case, the Clerk of Court filed Plaintiff's motion as a Complaint in a civil action, with a new case number.

A civil forfeiture may be set aside for lack of notice under certain conditions:

> Any person entitled to written notice in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute who does not receive such notice may file a motion to set aside a declaration of forfeiture with respect to that person's interest in the property, which motion shall be granted if--(A) the Government knew, or reasonably should have known, of the moving party's interest and failed to take reasonable steps to provide such party with notice; and (B) the moving party did not know or have reason to know of the seizure within sufficient time to file a timely claim.

See 18 U.S.C. § 983(e)(1). If the Court grants the motion to set aside a declaration of forfeiture, "the court shall set aside the declaration of forfeiture as to the interest of the moving party without prejudice to the right of the Government to commence a subsequent forfeiture proceeding as to the interest of the moving party." Id. § 983(e)(2)(A). A motion to set aside a declaration of forfeiture must be filed, however, "not later than 5 years after the date of final publication of notice of seizure of the property." Id. § 983(e)(3).[2]

Upon consideration, the Court finds Plaintiff's claim for return of seized property fails. First, under the terms of the statute itself, a motion to set aside a declaration of forfeiture for failure to provide proper notice will be granted only when the Government "knew, or reasonably should have

---

[1] This Court has no jurisdiction to review the merits of the administrative forfeiture itself but may review only the adequacy of the notice given to Plaintiff. Mesa Valderrama v. United States, 417 F.3d 1189, 1196 (11th Cir. 2005).

[2] Section 983(e)(3)'s limitation applies to administrative forfeiture proceedings begun after August 23, 2000, regardless of when the actual forfeiture occurred. See United States v. Sims, 376 F.3d 705, 707 (7th Cir. 2004), cert. denied, 543 U.S. 1094 (2005).

known, of the moving party's interest and failed to take reasonable steps to provide such party with notice." 18 U.S.C. § 983(e)(1)(A).  The Government has provided evidence that Plaintiff signed a disclaimer on August 10, 2006, in which he disclaimed any ownership of the currency seized by the DEA.  (See Disclaimer, Exhibit 1 to the Government's Response to Defendant's Response to Government's Motion to Dismiss Plaintiff's Motion for Return of Seized Property, ECF No. 30-1). Even assuming the Government failed to take reasonable steps to provide Plaintiff with notice of the forfeiture, Plaintiff had affirmatively represented that he had no interest in the seized currency.  Thus, the Government had no obligation to provide Plaintiff with notice of the forfeiture.

Second, the statute also provides that a motion to set aside a declaration of forfeiture for failure to provide proper notice will be granted only when "the moving party did not know or have reason to know of the seizure within sufficient time to file a timely claim."  18 U.S.C. § 983(e)(1)(B). Thus, for Plaintiff to succeed with his claim, he must show not only that the DEA failed to take reasonable steps to notify him but also that he did not know or have reason to know of the seizure within sufficient time to file a timely claim.  United States v. McClendon, 10 Fed. Appx. 341, 344 (7th Cir. 2001) (unpublished); see also Upshaw v. United States Customs Serv., 153 F.Supp.2d 46, 51 (D.Mass. 2001) (rejecting argument based on lack of written notice because the claimant had actual notice of the non-judicial forfeiture proceedings within sufficient time to submit a timely claim); United States v. $10,000.00 in United States Currency, No. 06CV2439–L(AJB), 2007 WL 2330318, at *4 (S.D.Cal. Aug. 13, 2007) (noting that a person with actual notice of the seizure who did not receive a written notice and did not timely file a claim loses his or her right to set aside a forfeiture). Plaintiff clearly knew of the seizure on August 10, 2006, when the DEA confiscated the currency from him and he signed the disclaimer.  Thus, Plaintiff had actual knowledge of the seizure within sufficient time to file a timely claim.

Finally, the Court finds Plaintiff's claims fail under the applicable statute of limitations. As noted above, a motion to set aside forfeiture must be filed no later than five years after the date of the final publication of the notice of seizure. 18 U.S.C. § 983(e)(3); see also Barton v. United States, No. 4:05CV6, 2005 WL 1463476, at *3 (E.D. Mo. Jun. 20, 2005). The final publication of the notice of seizure was October 23, 2006. (Motion to Dismiss, p. 6). Plaintiff's motion to set aside the forfeiture, therefore, was due by October 23, 2011. This action was not filed until March 29, 2012, more than five months after the deadline. Thus, Plaintiff's claims are time-barred and must be dismissed.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the Government's Motion to Dismiss Plaintiff's Motion for Return of Seized Property (ECF No. 17) is **GRANTED**, and Plaintiff's claims are **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (ECF No. 15) and Motion for Default Judgment (ECF No. 26) are **DENIED** as moot.

**IT IS FURTHER ORDERED** that this action is **DISMISSED**, with no further action to take place herein. An appropriate Order of Dismissal will accompany this Memorandum and Order.

Dated this 7th day of September, 2012.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE